**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Philip Smith,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>　　　　　Defendants. | No. CV-17-03148-PHX-DWL (ESW)<br><br>**REPORT**<br>**AND RECOMMENDATION** |

**TO THE HON. DOMINIC W. LANZA, UNITED STATES DISTRICT COURT JUDGE:**

On September 11, 2017, Arizona state prisoner Shawn Philip Smith initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Order filed and electronically sent to Plaintiff on October 30, 2017, the Court advised Plaintiff that he must file a Notice of Change of Address if his address changes and that the failure to do so may result in the case being dismissed. (Doc. 5 at 5). It is assumed that Plaintiff received the Order as it was not returned to the Court as undeliverable. Plaintiff subsequently filed a "Motion for Change of Address" (Doc. 10) on January 19, 2018.

On February 15, 2018, the Court issued an Order screening Plaintiff's First Amended Complaint (Doc. 8) and allowing Plaintiff's claims to proceed against certain Defendants. (Doc. 12). The Order was electronically sent to Plaintiff, but was returned

to the Court as undeliverable with a notation that Plaintiff "is out to court with a different agency and is not here at Lewis Complex to receive the attached E-file." (Doc. 13).

On March 7, 2018, Plaintiff notified the Court of his change of address. (Doc. 14). The Clerk of Court mailed the February 15, 2018 Order (Doc. 12) to Plaintiff's new address, but it was returned to the Court with the notation "Return to Sender/Unclaimed/Not in Custody." (Doc. 15). On April 20, 2018, the Court observed that Plaintiff provided the Court with an incorrect inmate number and directed the Clerk of Court to update Plaintiff's inmate number and resend the Court's prior Order. (Doc. 16). However, on April 30, 2018, the Order (Doc. 12) was again returned to the Court as undeliverable with the notation "Return to Sender/name and # do not match." (Doc. 17). The Court notes that the returned envelope was correctly addressed to Plaintiff at the address provided in his March 7, 2018 "Motion for Change of Address" (Doc. 14) and accurately reflects Plaintiff's Arizona Department of Corrections inmate number as #174287. The Court also notes that the Arizona Department of Corrections' online inmate database indicates that Plaintiff was moved on June 22, 2018. Plaintiff has not filed a Notice of Change of Address reflecting his move.

On October 30, 2018, the Court ordered Plaintiff to show cause no later than November 16, 2018 why the case should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to comply with the Court's Order and to prosecute the case. (Doc. 18 at 2). The Order was returned to the Court marked "Return to Sender/Unclaimed/Not in Custody/Unable to Forward." (Doc. 20). In addition, on November 13, 2018, a Minute Order (Doc. 19) was returned marked "Return to Sender/Name and # Do Not Match/Return to Sender/Unclaimed/Unable to Forward" (Doc. 21). On November 13, 2018, Docket entry reflects "Mail sent to Shawn Philip Smith has been returned 2 or more times. Pursuant to General Order no further mailings will be sent until a new address is received."

As of the date of filing this Report and Recommendation, the Plaintiff has not filed

a response to the Court's Order (Doc. 18) as required, and the time to do so has passed. Nor has the Plaintiff filed a Notice of Change of Address.

## I. DISCUSSION

Plaintiffs have the general duty to prosecute their case. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). A plaintiff's failure to keep the Court informed of his address constitutes a failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his current address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court may dismiss the case without prejudice.

Plaintiff has not informed the Court of his new address despite having been ordered to do so. Mail to Plaintiff has been returned and cannot be forwarded. Plaintiff has abandoned his case. The undersigned will recommend dismissal of Plaintiff's First Amended Complaint (Doc. 8) without prejudice.

## II. CONCLUSION

For the reasons set forth herein,

**IT IS RECOMMENDED** that the First Amended Complaint (Doc. 8) be dismissed without prejudice for Plaintiff's failure to comply with the Court's Orders and to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a) (1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of

| | |
|---|---|
| 1 | the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's |
| 2 | recommendation.  *See* Fed. R. Civ. P. 72. |
| 3 | Dated this 28th day of November, 2018. |

*(signature)*
Honorable Eileen S. Willett
United States Magistrate Judge